JOHN W. STEPHENSON *v.* TODD, PUGH & CO.

Defendants in *original attachments* may appear and plead without giving bail.

In such cases any judgments theretofore obtained against garnishees should be set aside;

And if money had been collected upon such judgments, that should be repaid to the garnishees; *not* paid over to the defendant.

(*Holmes* v. *Sacket, ante* 58, cited and approved.)

NOTE.—The law in the first paragraph above has been modified by the Code of Civil Procedure.

ORIGINAL ATTACHMENT, before *Watts, J.,* upon motions in the cause at Fall Term 1868, of the Superior Court of NORTH AMPTON.

The attachment was issued on the 14th day of March 1868 and certain persons were summoned as garnishees. At Spring term 1868, judgments were taken against them for the several sums by them confessed to be due to the defendants in the attachment, and these sums were afterwards collected and paid into office under executions returnable to Fall term 1868. At Fall term 1868, the defendants intervened by attorney; and moved (1) to be allowed to plead, (2) to have the judgments against the garnishees set aside, and (3) to have the money which had been paid into the office by the garnishees paid over to the defendant, or his assignee.

These motions having been allowed by his Honor, the plaintiff appealed.

*Peebles & Peebles,* for the appellant.

1. By replevying, the defendant did not release the plaintiff's hold upon the fund raised from the garnishees. *Simpson*

v. *Harvey,* 1 D. & B., 208; *Spruill* v. *Trader,* 5 Jon. 42; *Parker* v. *Gilreath,* 7 Ire. 400.

2. At all events, the motion here was made too late. *Washington* v. *Sanders,* 2 Dev. 345.

3. In such case also, the Code of Civil Procedure requires *an undertaking* from the party who replevies, § 213. That section repeals former provisions. *State* v. *Woodside,* 9 Ire. 496.

4. The judgment against the garnishees was *regular,* and could not be set aside at a subsequent term. *Davis* v. *Shaver,* Phil. 18; *Skinner* v. *Moore,* 2 D. & B., 138.

5. The Court erred in taking the money raised out of the garnishees, from the plaintiff, and giving it to the defendant. *Yarbro* v. *State Bank,* 1 Dev. 25; *Sanford* v. *Roosa,* 12 John. 162; *Hill* v. *Child,* 3 Dev. 366; *Washington* v. *Sanders, ubi sup.*

*Bragg, contra.*

1. The defendant could replevy without bail. *Holmes* v. *Sackett, ante* 58, Bill of Rights, § 16.

2. The practice in this case is governed by the Rev. Code. Const. Art. 4, § 25, Code § 8.

3. The judgment against garnishees in attachments is only provisional, and abides the issue of the suit; being in satisfaction of the judgment for the plaintiff *if he get one. Freeman* v. *Grist,* 1 D. & B., 217; *Myers* v. *Beeman,* 9 Ire. 116; *Tindell* v. *Wall,* Bus. 3; *Ormand* v. *Moye,* 11 Ire. 564; *Bryan* v. *Green,* 3 Ire. Eq. 169; *Skinner* v. *Moore,* 2 D. & B., pp. 148 and 150—1.

4. After the replevy, the money being in Court, the defendants had a right to it; it may not be very material how it got there.

PEARSON, C. J. At common law, judgment could not be entered against a party, unless he appeared and made defence; hence the necessity for distress infinite, and outlawry. By the Court act of 1777, it is provided, that if the writ be served,

and the defendant fails to appear, judgment by default may be entered. But if he absconded or so concealed himself that the process could not be served, no judgment could be had. To remedy this evil, and to compel an appearance, it is provided that, in such cases, the property of the party may be attached, and any person indebted to him, may be summoned as garnishee, a judgment entered, and the debt collected, subject to the final judgment in the action. If the defendant appeared and replevied,—that is, gave bail to the action, the property attached was discharged, and the judgment against the garnishee was set aside; and if the money had been collected, it was returned to the garnishee; for, the object being accomplished, that is, the appearance of the defendant being compelled, all that had been done to effect that object, passed for nothing.

On the argument, a distinction was suggested between a discharge of the property, by giving bail to the action; and setting aside the judgment that had been taken against the garnishee. There is no ground, on principle, for this distinction. The same reason applies to both cases, and the supposed distinction is not supported by any authority.

It was also urged, if the judgment against the garnishee is set aside, the money paid into Court to abide the final judgment, ought to be taken out by the defendant in the action; for it was collected upon a debt admitted to be due to him, and he should have it in discharge of the debt.

This would seem to be so at first blush, and his Honor adopted that conclusion, but, on consideration, the position will be found untenable. The defendant was not a party to the proceedings against the garnishee, and is not bound by it; he may allege a larger sum to be due to him than that confessed, and there is no mode by which, in a proceeding at law, he can be required to accept that amount, and release all further claim; so the only way is to undo what has been done in order to compel the defendant to appear, and put all parties *in statu quo.*

Since the act abolishing imprisonment for debt, it is settled,

that a defendant may enter his appearance, and plead to the action, without giving bail. *Holmes* v. *Sackett*, Phil. 58.

This discharges the property attached, and also vacates the judgment against the garnishee, and gives him the right to take the money out of Court. It will be remarked, that after the abolishment of imprisonment for debt, the remedy by attachment was of little or no effect. But the Code of Civil Procedure puts the matter on a much better footing.

So much of the order, as allows the defendant to enter his appearance and plead without giving bail, is affirmed; so much as directs the judgment against the garnishees to be set aside, is affirmed. But so much as directs the money collected from the garnishees to be paid to the defendant, is reversed, and it is ordered that the money collected from the garnishees be paid back to them respectively.

The plaintiff will pay the costs.

PER CURIAM.            Ordered accordingly.